UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ELLIS, | No. 14-cv-0802 AC P |
| Plaintiff, | |
| v. | ORDER |
| F. FOULK, Warden, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 7.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3   1915(b)(2).

4   　　　　The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9   　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16  　　　　A complaint must contain more than a "formulaic recitation of the elements of a cause of

17  action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

19  must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]

20  a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

21  Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual

22  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

23  556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

24  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

25  that the defendant is liable for the misconduct alleged."  Id.

26  　　　　In reviewing a complaint under this standard, the court must accept as true the allegations

27  of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

28  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

1   the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

2   Plaintiff filed an amended complaint prior to the court's screening of the original
3   complaint.  As the amended complaint supersedes the original, the court will proceed to screen
4   plaintiff's amended complaint.  ECF No. 4.

5   Plaintiff names the following as defendants High Desert State Prison F. Foulk;
6   [Correctional (Corr.)] Sergeant Qualls; [Corr.] Lieutenant (Lt.) Harper; [Corr.] Lt. M. Lee;
7   Appeals Coordinator Lopez.  Plaintiff alleges that on July 10, 2013, he received a disciplinary
8   write-up "for participation in a mass hunger strike."  Plaintiff alleges that defendant Qualls
9   violated his due process rights by writing up a rules violation report (RVR) which was based not
10  on what he himself witnessed but on what "an outgoing officer told him."  Plaintiff claims that a
11  reporting officer must see an incident in order to report it.  Amended Complaint, ECF No. 4, at 1-
12  3.

13  On August 4, 2013, defendant hearing officer Lt. Harper, fully aware that defendant
14  Qualls had not witnessed the incident, found plaintiff guilty of the disciplinary infraction.
15  Defendant Harper also denied plaintiff an investigative employee and staff assistance.  Defendant
16  Lt. M. Lee interviewed plaintiff after the disciplinary hearing and plaintiff made him aware that
17  the RVR was "false" and that plaintiff's due process rights had been violated at the hearing;
18  nevertheless, defendant Lee found plaintiff guilty based on the report.  Plaintiff appealed and
19  defendant Lopez, appeals coordinator, also ignored the alleged due process violations.  Id. at 3-4.

20  As relief, plaintiff seeks expungement of the RVR from his case file, that his "score
21  sheet" be reduced by "8 points," and that defendants be demoted and retrained.  Id. at 3.

22  Appropriate Vehicle

23  It is not entirely clear whether or not plaintiff is seeking restoration of time credits.  If so,
24  the appropriate vehicle for relief would be a petition for a writ of habeas corpus.

25  > Federal law opens two main avenues to relief on complaints related
26  > to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and
27  > a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as
28  > amended, 42 U.S.C.  1983.  Challenges to the validity of any
    > confinement or to particulars affecting its duration are the province
    > of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 []
    > (1973); requests for relief turning on circumstances of confinement

1           may be presented in a § 1983 action.

2 Muhammad v. Close, 540 U.S.749, 750 (2004) (per curiam).

3        Due Process

4        Assuming plaintiff does not seek restoration of time credits, with respect to the alleged falsity of the RVR, plaintiff is informed that "prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under § 1983."  Johnson v. Felker, 2:12-CV-02719 GEB, 2013 WL 6243280 (E.D. Cal. Dec. 3, 2013) (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989); Freeman v. Rideout, 808 F.2d 949, 952 (2nd Cir.1986)).  Inmates do, however, have a right to be free from the filing of false disciplinary charges in retaliation for the exercise of constitutionally protected rights.  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  However, plaintiff does not here allege the "false" report was made in retaliation for his having engaged in protected conduct.

       Plaintiff's protection from the arbitrary action of prison officials lies in "the procedural due process requirements as set forth in Wolff v. McDonnell."[1]  Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984).  Before sanctions can be imposed in a prison disciplinary hearing, a prisoner must be accorded basic procedural safeguards: 1) advance written notice of the charges; 2) a "written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action"; 3) an opportunity to present witnesses and documentary evidence in his defense if "to do so will not be unduly hazardous to institutional safety or correctional goals."  Wolff v. McDonnell, 418 U.S. 539, 564-566 (internal citations and quotation marks omitted).  Plaintiff alleges that defendant Harper, the hearing officer, violated his right to due process by denying plaintiff an investigative employee or staff assistance; plaintiff thus was deprived of "a chance to find staff who Sgt. Qualls sent to interview inmate [sic]."  It is unclear what plaintiff means by this statement.  Defendants Qualls and Harper will be dismissed from this action but plaintiff is given leave to amend to clearly and specifically identify how he was denied due

---

[1] 418 U.S. 539, 558 (1974).

process.

As to defendant Lopez, against whom plaintiff alleges a due process violation in the appeal process, plaintiff is informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).[2] Plaintiff's due process claims against defendant Lopez will be dismissed but plaintiff will be granted leave to amend.

Defendant Lee

Plaintiff alleges that defendant M. Lee found plaintiff guilty based on the allegedly false RVR in an interview following the prison disciplinary hearing in which plaintiff was previously found guilty. This claim does not satisfy Rule 8(a)(2) of the Federal Rules of Civil Procedure which requires "a short and plain statement of the claim showing that the pleader is entitled to

---

[2] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369[] (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493[] [1980] (transfer to mental hospital), and Washington[ v. Harper], 494 U.S. 210, 221- 222[] [1990](involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

relief. . . ." Although the Federal Rules adopt a flexible pleading policy, a complaint must provide fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Defendant M. Lee will be dismissed but plaintiff is granted leave to amend.

### Defendant Foulk

Although plaintiff names Warden Foulk as a defendant, he fails to make any allegations against him. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The warden will be dismissed as a defendant in his individual capacity.

As plaintiff seeks prospective injunctive relief, in any amended complaint, he may name Warden Foulk as a defendant in his official capacity. Hafer v. Melo, 502 U.S. 21, 27 (1991). However, as a suit against an official in his or her official capacity is a suit against the state, a

1 practice, policy or procedure of the state must be at issue in a claim for official capacity
2 injunctive relief. Id. at 25. In this instance, it is presently impossible to tell whether the warden is
3 an appropriately named official, because the complaint does not specify whether the conduct
4 plaintiff seeks to enjoin involves an allegedly unconstitutional state practice, policy or procedure.
5 The complaint will be dismissed but plaintiff will be granted leave to amend.

6     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
7 complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
8 Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how
9 each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there
10 is some affirmative link or connection between a defendant's actions and the claimed deprivation.
11 Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
12 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
13 allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board
14 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
16 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
17 complaint be complete in itself without reference to any prior pleading. This is because, as a
18 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
19 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
20 longer serves any function in the case. Therefore, in an amended complaint, as in an original
21 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

22     In accordance with the above, IT IS HEREBY ORDERED that:
23     1. Plaintiff's request for leave to proceed in forma pauperis is granted.
24     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
25 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
26 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
27 Director of the California Department of Corrections and Rehabilitation filed concurrently
28 herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in dismissal of this action.

DATED: September 17, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE