UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ELLIS, | No. 2:14-cv-00802 AC P |
| Plaintiff, | |
| v. | ORDER |
| F. FOULK, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's second amended complaint is now before the court. ECF No. 11. Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 7.

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.     Second Amended Complaint

In his second amended complaint, plaintiff names Sgt. D. Qualls, Lt. Harper, Lt. M. Lee, Appeals Coordinator L. Lopez, and Warden F. Foulk as defendants.  ECF No. 11.  He challenges a prison disciplinary proceeding, alleging that the disciplinary was issued in retaliation for his participation in a hunger strike and that there were due process violations at his disciplinary hearing and throughout the appeals process.  Id. at 1-10.

Although plaintiff has provided additional details, the allegations in his second amended complaint are substantially similar to those contained in his first amended complaint.  Plaintiff alleges that defendant Qualls wrote a false report in which he stated that plaintiff "participated in a mass hunger strike on July 8, 2013."  ECF No. 11 at 1.  As in the first amended complaint, plaintiff alleges that defendant Qualls violated his due process rights by writing up a rules violation report (RVR) that was based on what another officer had seen, rather than what Qualls had seen, even though reports must be written by the officer that witnessed the incident.  Id. at 7. Plaintiff now alleges that the RVR was written in retaliation for his refusal to take a food tray,

which he did because he already had food in his cell. Id. at 1. He denies participating in a hunger strike and states that he has a constitutional right to eat food from the inmate store and to not go to the dining hall. Id. at 1-2, 7. He also alleges that Qualls denied him documentation of each day the rules violation occurred, thereby violating his due process rights. Id. at 1-2.

Plaintiff next alleges that defendant Harper violated his rights when he found plaintiff guilty of the disciplinary infraction, despite being fully aware that Qualls had not witnessed the incident. Id. at 2. He further alleges that Harper "conspired in the retaliation with Sgt. D. Qualls" when he found plaintiff guilty of the rules violation and that Harper did not provide him with a full copy of the evidence against him and conducted the disciplinary hearing without a complete report. Id.

Defendant Lee allegedly violated plaintiff's rights when he upheld the guilty finding despite plaintiff advising him that the RVR was "false" and plaintiff had not participated in a hunger strike, that plaintiff's due process rights had been violated at the hearing, and that defendant Qualls was not allowed to write the report. Id. at 2-3. Plaintiff also alleges that defendant Lee found petitioner guilty without reviewing a complete report and that Lee conspired with the other defendants by finding him guilty. Id. Plaintiff proceeded to submit a third-level appeal, which was handled by defendant Lopez, who also ignored the alleged due process violations and conspired with the other defendants by finding him guilty without proper documentation. Id. at 3-4. Plaintiff also alleges he was denied witnesses, an investigative employee, and staff assistance. Id. at 3, 8. Since plaintiff states that the "senior hearing officer lied and said [he] didn't ask for any" (id. at 8), it appears this allegation pertains to defendant Harper or defendant Lee.

Plaintiff alleges that defendant Foulk violated his rights when he reviewed the RVR and failed to correct the due process violations. Id. at 5. He also alleges that defendants Lee, Lopez, and Foulk violated his rights in their supervisory capacities because they are responsible for "promulgating, supervising the promulgation of, implementing, supervising the implementation of, monitoring, supervising the monitoring of compliance with, enforcing and/or supervising the enforcement of policies and procedures" related to the rules violation process. Id. at 4-6.

1  As relief, plaintiff seeks removal of the RVR from his case file, that his "score sheet" be reduced by "20 points," that defendants be put on probation, that the court restore "61 days lost credit," and that he be "put up for CSP-Old Folsom transfer." Id. at 10. Plaintiff does not appear to seek monetary damages. Id.

III.  Heck Bar

In his second amended complaint, plaintiff alleges that he lost sixty-one days of good-time credits as a result of the disciplinary at issue in this case and seeks their restoration. ECF No. 11 at 10, 20. State prisoners may not challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar,[1] this limitation applies whenever state prisoners "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81 (emphasis in original). Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82. The favorable termination rule applies to prison disciplinary proceedings if those proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S. 641, 646-48 (1997).

Here, plaintiff alleges that defendant Qualls falsified the report against him in retaliation and that the other defendants conspired with Qualls to violate his rights by failing to consider evidence and witnesses that would exonerate him. A favorable finding on these claims would necessarily imply the invalidity of the disputed disciplinary finding. There is no allegation that plaintiff's disciplinary conviction has been reversed, expunged, or otherwise invalidated. Where the success of the prisoner's action would decrease the length of his sentence, which appears to be

---

[1] See Heck v. Humphrey, 512 U.S. 477 (1994).

4

1  the case here, a § 1983 claim is not cognizable until the disciplinary conviction has been
2  invalidated.  Edwards, 520 U.S. at 648.
3       It appears that plaintiff's success in this action on his claims of retaliation arising out of
4  the allegedly false RVR and his claims of due process violations and conspiracy arising out of the
5  disciplinary proceedings would necessarily invalidate the result of the disciplinary hearing.
6  However, plaintiff will be given an opportunity to amend the complaint to clarify the issue.  If
7  plaintiff chooses to amend his complaint, he must address (1) whether the disciplinary conviction
8  at issue has been overturned or invalidated and (2) if the disciplinary has not been overturned or
9  invalidated, whether a decision overturning the disciplinary would affect the length of his
10 sentence.  If the disciplinary conviction has not been invalidated and a decision overturning it
11 would affect the length of plaintiff's sentence, or if plaintiff fails to address these issues, the
12 entire complaint will be dismissed without leave to amend.
13 IV.     Failure to State a Claim
14      Independent of the Heck bar, plaintiff's allegations fail to state a claim against the
15 defendants and will be dismissed for the reasons set forth below.  If, in his amended complaint,
16 plaintiff is able to overcome the Heck bar, he must also address the deficiencies set forth below if
17 he is to proceed with his claims.
18      A.     Due Process
19      With respect to plaintiff's claims against defendant Qualls, prisoners do not have a right
20 to be free from false accusations of misconduct, so the mere falsification of a report does not give
21 rise to a claim under § 1983.  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's
22 claims based on the falsity of the charges and the impropriety of Babcock's involvement in the
23 grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout,
24 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed
25 immunity from being falsely or wrongly accused of conduct which may result in the deprivation
26 of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n
27 allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary
28 infraction fails to state a claim for which relief can be granted where the procedural due process

protections . . . are provided."). Plaintiff's allegation that defendant Qualls violated his due process rights by falsifying the RVR therefore fails to state a claim.

As for plaintiff's claims that he was denied appropriate due process throughout the proceedings on his rules violation, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). An inmate subject to disciplinary sanctions that include the loss of good time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the action, id. at 564-65; (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Plaintiff's allegations fail to state a claim for relief. First, he does not allege that he did not receive twenty-four-hour advance written notice of the charges prior to the hearing, and the attached RVR[2] indicates that he was provided a copy of the RVR and the 128-B supplement[3] on July 21, 2013, and a copy of the incident report on July 30, 2013. ECF No. 11 at 14. Plaintiff does appear to claim he should have been notified of each violation as it happened (id. at 2), however that is not what due process requires.

Next, although plaintiff alleges that he was not provided with a full report, it appears that he is referring to a full report on who else was involved in the hunger strike. Id. at 1. He does not allege that he did not receive a written statement by the fact finder as to the evidence relied on and the reasons for the action, and even if he did, the copies of the decision that he attached to the

---

[2] The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

[3] The 128-B supplement is a form that indicates that plaintiff informed staff that he was an active participant in the hunger strike. See ECF No. 17.

1    complaint would disprove the allegation. Id. at 20-22. To the extent plaintiff alleges that he did
2    not receive copies of all the evidence relied on at the hearing, this also fails to state a claim
3    because due process requires that he be provided a statement of what evidence was relied on, not
4    that he be provided with copies of all the evidence relied on. Moreover, it appears from
5    plaintiff's allegations that the hearing officer decided his case without a complete report of who
6    was involved in the hunger strike. This means the complete report was not evidence relied on at
7    the hearing and plaintiff would not be entitled to it even if he was entitled to a copy of every piece
8    of evidence relied on.
9    Though plaintiff alleges that he was denied the ability to call witnesses, that right is
10   subject to limitation, and it is not clear from the complaint who plaintiff would have called and
11   what impact, if any, the witnesses would have had on the outcome of the disciplinary hearing.
12   Plaintiff alleges that he was denied an investigative employee and staff assistance. Id. at
13   3. However, due process requires a prisoner only be provided staff assistance if he is illiterate or
14   the matter is complex. Plaintiff does not claim to be illiterate or otherwise impaired, nor does he
15   put forth facts that would indicate that the disciplinary issue was complex.
16   Plaintiff offers nothing that would establish the fact finder was not sufficiently impartial.
17   It does not appear that defendant Harper was involved in the rules violation, and plaintiff's
18   conclusory allegations of a conspiracy are insufficient to establish a lack of impartiality.
19   Finally, based on the documentation provided by plaintiff, even if the court assumes that
20   the report written by defendant Qualls was false and should have been disregarded, it appears that
21   there was other evidence on the record from which the fact finder could have found plaintiff
22   guilty. See id. at 16, 17, 21.
23   To the extent plaintiff alleges defendants Lee, Lopez, and Foulk violated his due process
24   rights by simply denying his disciplinary appeal, he fails to state a claim. "[I]nmates lack a
25   separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza,
26   334 F.3d 805, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)
27   ("[T]here is no legitimate claim of entitlement to a grievance procedure."). Accordingly, the
28   prison grievance procedure does not confer any substantive constitutional rights upon inmates and

1 | actions in reviewing and denying inmate appeals generally do not serve as a basis for liability
2 | under section 1983. Id.; George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a
3 | prisoner on an administrative complaint does not cause or contribute to the violation.").
4 | However, because prison administrators cannot willfully turn a blind eye to constitutional
5 | violations being committed by subordinates, an individual who denies an inmate appeal and who
6 | had the authority and opportunity to prevent an ongoing constitutional violation could potentially
7 | be subject to liability if the individual knew about an existing or impending violation and failed to
8 | prevent it. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Plaintiff's allegations are
9 | insufficient to establish that Lee, Lopez, or Foulk knew about ongoing or impending violations
10 | that they had the ability to prevent.

11 |      B.     Retaliation

12 |      Although plaintiff cannot state a due process claim for the allegedly false disciplinary,
13 | "prisoners may still base retaliation claims on harms that would not raise due process concerns."
14 | Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997). Inmates have a right to be free from the
15 | filing of false disciplinary charges in retaliation for the exercise of constitutionally protected
16 | rights. Watison v. Carter, 668 F.3d 1108, 1115 (9th Cir. 2012); Pratt v. Rowland, 65 F.3d 802,
17 | 806 (9th Cir. 1995). Allegations of retaliation against a prisoner's First Amendment rights to
18 | speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778
19 | F.2d 527, 531-32 (9th Cir. 1985); see also Pratt, 65 F.3d at 806. "Within the prison context, a
20 | viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a
21 | state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected
22 | conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and
23 | (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson,
24 | 408 F.3d 559, 567-68 (9th Cir. 2005).

25 |      Though participating in a hunger strike can, in certain circumstances, constitute activity
26 | protected by the First Amendment, the basis of plaintiff's claim is that he was *not* participating in
27 | a hunger strike, but was written up for being part of a mass hunger strike in retaliation for not
28 | "accept[ing] a prison tray due to having food in [his] cell." ECF No. 11 at 1. He further states

that he "has the right not to eat in the 'chow hall' dining room" and to "eat canteen." Id. at 7. Plaintiff's preference for food from the inmate store and to eat in his cell is not activity protected by the First Amendment, and he provides no facts from which it can be inferred he was participating in some other protected activity. Without a claim that he was participating in activity protected by the First Amendment, plaintiff fails to state a claim for retaliation.

Plaintiff's retaliation claim against the defendants will be dismissed with leave to amend. In order to move forward with a First Amendment retaliation claim, any amended complaint must include an allegation that he was retaliated against for participating in protected conduct.

C.  Conspiracy

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (internal quotation marks omitted)), and an actual deprivation of constitutional rights as a result of the alleged conspiracy, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). Plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Miller v. California, 355 F.3d 1172, 1177 n.3 (9th Cir. 2004) (citing Woodrum, 866 F.2d at 1126). The mere statement that defendants "conspired" or acted "in retaliation" is not sufficient to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Courts in the Ninth Circuit have required a plaintiff alleging a conspiracy to violate civil rights to state specific facts to support the existence of the claimed conspiracy. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to

///

violate one's constitutional rights under § 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy.").

Here, plaintiff's allegations of a conspiracy fail to state a claim upon which relief may be granted. There is absolutely no indication of any agreement between any of the defendants. Mere joint employment by the California Department of Corrections and Rehabilitation and the conclusory allegation that the denial of plaintiff's appeals was the result of a conspiracy is insufficient to establish the common objective required for a conspiracy.

### D.   Supervisory Liability

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent.") (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

"There is no respondeat superior liability under § 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation and internal quotation marks omitted). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations

are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient). Supervisory liability may exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).

Plaintiff's allegations that defendants Lee, Lopez, and Foulk violated his rights in their supervisory capacities because they are responsible for "promulgating, supervising the promulgation of, implementing, supervising the implementation of, monitoring, supervising the monitoring of compliance with, enforcing and/or supervising the enforcement of policies and procedures" related to the rules violation process fail to state a claim. Id. at 4-6. Plaintiff's general allegations that defendants are liable simply because of their supervisory positions is insufficient to allege the necessary personal involvement, and his factual allegations regarding the actions of Lee, Lopez, and Foulk show defendants becoming aware of the alleged violations after they occurred. Plaintiff alleges that these defendants allowed the violations to occur because they did not overturn his rules violation, but there is nothing that would suggest that they were aware of the violations before they occurred, as they were occurring, or at any time such that they could have intervened and prevented the violations from happening in the first place. Plaintiff's allegations that defendants could have taken steps to address the violations after the fact are insufficient to state a claim for supervisory liability.

To the extent plaintiff may be trying to establish supervisory liability through the implementation of policy, he does not offer anything that would suggest the current policy is deficient. Instead, his argument is that defendants failed to follow policy.

E.   Official Capacity

To the extent plaintiff seeks prospective injunctive relief he may name Warden Foulk as a defendant in his official capacity. Hafer v. Melo, 502 U.S. 21, 27 (1991). However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Id. at 25.

11

It is currently impossible to tell whether the warden is an appropriately named official because it is not clear whether the injunctive relief plaintiff seeks involves an allegedly unconstitutional state practice, policy or procedure. Plaintiff does not allege that the disciplinary policy is unconstitutional and does not put forth sufficient facts to allege a practice of allowing unconstitutional conduct in the execution of the disciplinary policy.

V.      Leave to Amend

The court will provide plaintiff an opportunity to file a third amended complaint to attempt to cure the deficiencies identified above. If plaintiff chooses to file a third amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make his third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case. Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 11) is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in dismissal of this action.

DATED: August 4, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE